# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BEN JA MIN,<br>No. Axxxxx9418,<br><br>       Petitioner,<br><br>vs.<br><br>KIRSTEN NIELSEN,<br>Secretary, Dept. of Homeland Security,<br>JEFFERSON B. SESSIONS III,<br>Attorney General of the United States,<br>JOSE L. ZAMORA,<br>Director, Chicago Field Office,<br>MR. D. ACUFF,<br>Warden, Pulaski County Detention Center,<br><br>       Respondents. | Case No. 19-cv-886-SMY |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Ben Ja Min is currently imprisoned at the Pulaski County Detention Center in Ullin, Illinois (Doc. 1). Proceeding *pro se*, he filed the instant Petition for a writ of habeas corpus under 28 U.S.C. § 2241 on August 13, 2019 to challenge his continued detention. Min claims he has been detained in immigration custody for more than 6 months.

This matter is now before the Court for a preliminary review of the Petition. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that, upon preliminary review of the petition by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives the Court the authority to apply the Rules to other habeas corpus proceedings, such as this action.

1

Without commenting on the merits of Min's claims, the Court concludes that the Petition survives preliminary review under Rule 4, and a response shall be ordered.

Min is a national of Myanmar. He asserts that U.S. Customs and Border Protection officers admitted him to the United States on February 19, 2014, at Chicago, Illinois. (Doc. 1, p. 3). He was taken into custody by Immigration and Customs Enforcement ("ICE") officials on November 27, 2018 and has been detained since that time.

Min was served with a removal order on December 11, 2018. He claims although he has cooperated with removal efforts, the Embassy of Myanmar will not be issuing travel documents in the near future. *Id.* He further claims that he has not been provided with a bond hearing to determine whether he should remain in custody as a danger to the community or a flight risk. (Doc. 1, pp. 1, 3).

Invoking *Demore v. Kim*, 538 U.S. 510, 523 (2003), and *Zadvydas v. Davis*, 533 U.S. 678 (2001), Min asserts that his "prolonged" detention without a bond hearing violates the Due Process Clause of the Fifth Amendment to the Constitution, and his right to bail under the Eighth Amendment. (Doc. 1, pp. 3-7). He requests an order releasing him from custody, or in the alternative, an order that he be released within 30 days unless Respondents schedule a hearing before an Immigration Judge to consider whether his continued detention is justified and setting appropriate conditions of supervision and bond (taking into account his ability to pay) if he is to be released. (Doc. 1, pp. 1-2; 7-8).

Ordinarily, the only proper respondent in a habeas petition is the petitioner's immediate custodian – in this case, Warden Acuff. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004); *Kholyavskiy v. Achim*, 443 F.3d 946, 952-53 (7th Cir. 2006). However, in light of the relief sought by Min, the Court deems it appropriate to retain the additional named Respondents as

parties to the action, at least at this early stage. In addition, Respondents Nielsen and Sessions no longer hold the positions of Secretary of the Department of Homeland Security and Attorney General. But because Min has properly named all Respondents in their official capacity, the case shall proceed against the current holders of those offices. *See* FED. R. CIV. P. 25(d) (when a party sued in his/her official capacity ceases to hold office, "[t]he officer's successor is automatically substituted as a party.").

## Disposition

**IT IS HEREBY ORDERED** that the Petition for writ of habeas corpus shall proceed past preliminary screening.

**IT IS FURTHER ORDERED** that Respondents shall answer the Petition within twenty (20) days of the date this order is entered (on or before **December 26, 2019**).[1] This order to respond does not preclude Respondents from making whatever waiver, exhaustion, or timeliness arguments they may wish to present to the Court. Service upon Acuff, Warden of the Pulaski County Detention Center, 20 Justice Drive, Ullin, Illinois, 62992 shall constitute sufficient service on him as the immediate custodian.

**IT IS FURTHER ORDERED** that, pursuant to Federal Rule of Civil Procedure 4(i), the **CLERK** is **DIRECTED** to send the letter constituting service, Petition, and this Order via registered or certified mail to the current Secretary of the United States Department of Homeland Security (in his/her official capacity); to the Attorney General of the United States (in his official capacity); and to Director of the Chicago Field Office of Immigrations & Customs Enforcement Jose L. Zamora (or his successor, in his/her official capacity).

---

[1] The response date ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only.

**IT IS FURTHER ORDERED** that, pursuant to Federal Rule of Civil Procedure 4(i), the **CLERK** is **DIRECTED** to send a copy of the letter constituting service, the Petition, and this Order to the United States Attorney for the Southern District of Illinois, and to send a copy of the letter constituting service, Petition, and this Order via registered or certified mail to the United States Immigration & Customs Enforcement.

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and Respondents) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: December 5, 2019**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**