IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BEN JA MIN, <br> No. Axxxxx9418, <br>                 Petitioner, <br> vs. <br> KIRSTEN NIELSEN, <br> Secretary, Dept. of Homeland Security, <br> JEFFERSON B. SESSIONS III, <br> Attorney General of the United States, <br> JOSE L. ZAMORA, <br> Director, Chicago Field Office, <br> MR. D. ACUFF, <br> Warden, Pulaski County Detention Center, <br>                 Respondents. | Case No. 19-cv-886-SMY |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Ben Ja Min filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) on August 13, 2019, challenging his detention by Immigration and Customs Enforcement (ICE) (Doc. 1, pp. 1,3). He claimed he had been detained for more than 6 months after a removal order was issued. On December 23, 2019, Respondents filed a Motion to Dismiss Petition as Moot on the basis that Min is no longer in their custody as he was removed from the United States to Myanmar under the escort of deportation officers on September 17, 2019, rendering the Habeas Petition moot. (Doc. 11, p. 1; Doc. 11-1).

A petition under 28 U.S.C. § 2241 is the appropriate vehicle for challenging the length of detention pending removal. *Zadvydas v. Davis,* 533 U.S. 678, 687-88 (2001). Under 28 U.S.C. § 2241(c), a writ of habeas corpus "shall not extend to a prisoner" unless he is "in custody." The

"in custody" requirement is satisfied if the petitioner was in custody at the time of the filing of the petition. *Spencer v. Kemna,* 523 U.S. 1, 7 (1998). Therefore, a detainee who is released while his petition for writ of habeas corpus is pending meets the "in custody" requirement; his release does not necessarily render his petition moot. However, the petition must still present a "case or controversy" under Article III, § 2 of the Constitution. That is, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision." *Spencer*, 523 U.S. at 7 (internal citation omitted). According to Respondents' Motion and Declaration of Deportation Officer, Min has been removed to Myanmar[1] and has therefore received the relief he sought, *i.e.*, release from ICE custody.

For the foregoing reasons, Respondents' Motion to Dismiss (Doc. 11) is **GRANTED** and this action is **DISMISSED WITHOUT PREJUDICE**. The Clerk of Court is **DIRECTED** to enter judgment in accordance with this Order.

If Petitioner wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within 60 days of the entry of judgment. FED. R. APP. P. 4(a)(1(A). A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues Petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

It is not necessary for Petitioner to obtain a certificate of appealability from this disposition

---

[1] Correspondence mailed to Min at the Pulaski County Detention Center by the Clerk of Court was returned as undeliverable on December 16, 2019. (Doc. 6).

2

of his § 2241 petition.  *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

**DATED:  January 2, 2020**

> *s/ Staci M. Yandle*
> **STACI M. YANDLE**
> **United States District Judge**